THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE VERKLER, <br><br> Defendant. | CASE NO. CR15-0041-JCC <br> MJ14-0406-BAT <br><br> ORDER |

This matter comes before the Court on the report and recommendation issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge (CR15-0041-JCC, Dkt. No. 86; MJ14-0406-BAT, Dkt. No. 32) and Defendant George Verkler's objections thereto (CR15-0041-JCC, Dkt. No. 87; MJ14-0406-BAT, Dkt. No. 33). Both documents address three *pro se* requests filed by Verkler in *United States v. Verkler*, MJ14-0406-BAT, a closed case that has been merged with *United States v. Verkler*, CR15-0041-JCC.

Verkler's requests are as follows: First, he sent the Court a letter alleging that the warrants issued in this case were counterfeits. (MJ14-0406-BAT, Dkt. No. 28.) Second, he moved for an order of adjudication, asserting that the voluntary dismissal of the criminal complaint in this case operated as an adjudication on the merits under Federal Rule of Civil Procedure 41, and therefore the Court should find him not guilty. (MJ14-0406-BAT, Dkt. No. 29.) Third, he filed a motion for mandamus, asking the Court to order his defense attorneys to

provide him with copies of discovery discs and monies seized. (MJ14-0406-BAT, Dkt. No. 30.)

Judge Tsuchida recommended that, because Verkler has already challenged his conviction and sentence through a direct appeal, his requests should be construed as a collateral challenge under 28 U.S.C. § 2255. (CR15-0041-JCC, Dkt. No. 86 at 4; MJ14-0406-BAT, Dkt. No. 32 at 4.) Judge Tsuchida treated them as such and addressed them on their merits, ultimately recommending that each request be denied. (*Id.* at 5-7.)

The Court understands the reasoning behind Judge Tsuchida's decision to construe Verkler's requests as a § 2255 motion. However, the undersigned is worried that Verkler did not intend for his requests to be treated as such and that doing so could foreclose his ability to present his case for habeas relief as thoroughly as he would like. *See United States v. Lopez*, 577 F.3d 1053, 1055 (9th Cir. 2009) (defendants face "significant burdens" trying to raise new claims by filing a second habeas petition). Accordingly, the Court declines to construe Verkler's requests as habeas motions under 28 U.S.C. § 2255.

Nonetheless, the Court agrees with Judge Tsuchida that Verkler's requests should be denied. As the Court has already explained to Verkler, (*see* CR15-0041-JCC, Dkt. No. 49 at 1-2), because he appealed his conviction and sentence (CR15-0041-JCC, Dkt. No. 42), this Court no longer has jurisdiction over the case. *See Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

**In other words, this Court does not have the authority or ability to consider any more filings by Verkler in either CR15-0041-JCC or MJ14-0406-BAT. Should Verkler wish to raise the types of arguments he presented in his three underlying requests, he must do so by opening a new civil case and filing a habeas petition under 28 U.S.C. § 2255.**

The Court notes that Verkler objected to Judge Tsuchida's report and recommendation. (*See* CR15-0041-JCC, Dkt. No. 87; MJ14-0406-BAT, Dkt. No. 33.) However, because the Court

does not have jurisdiction to consider his requests, the Court need not address his objections.

Finally, the Court acknowledges the fact that, to successfully file a § 2255 motion, Verkler will likely need his case file. Thus, should his former defense counsel Russell Leonard have retained any of Verkler's case file, the Court DIRECTS him to provide it to Verkler.

In sum, (1) Verkler's objections (CR15-0041-JCC, Dkt. No. 87; MJ14-0406-BAT, Dkt. No. 33) are OVERRULED; (2) the report and recommendation (CR15-0041-JCC, Dkt. No. 86; MJ14-0406-BAT, Dkt. No. 32) is ADOPTED to the extent that it recommends dismissal of the requests, but not to the extent that it construes Verkler's requests as collateral challenges; and (3) Verkler's requests (MJ14-0406-BAT, Dkt. Nos. 28-30) are DENIED.

The Clerk is DIRECTED to send a copy of this order to Verkler and to his former counsel, Russell Leonard.

DATED this 6th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE